## BOWERSOCK v. WINERS ET AL.

1. **Instruction:** CONFLICTING EVIDENCE: PROVINCE OF COURT AND JURY. An instruction which determines issues of fact upon which the evidence was conflicting, is erroneous. The court, in giving such instruction, assumes the authority which belongs solely to the jury.

*Appeal from Cass Circuit Court.*

THURSDAY, DECEMBER 7.

ACTION at law to recover the price of a stock of goods sold by plaintiff to defendant, Winters. There was a judgment, upon a verdict, against both defendants, who now appeal to this court.

*A. S. Churchill,* for appellants.

*L. L. Delano,* for appellee.

BECK, J.—I. The pleadings and issues in this case are well stated in the first and second instructions given by the court to the jury in the following language:

"1. The plaintiff claims of defendants $601.22, which he alleges is the agreed price of a stock of goods sold by him to the defendants and delivered to defendant, Winters, and which he alleges defendant, Meredith, agreed to pay him for when the price should be ascertained by invoice and the goods delivered, and that it was in reliance on the promise of the defendant, Meredith, that he delivered the goods to the defendant, Winters.

"2. The defendant, Meredith, denies every matter alleged, in plaintiff's petition. The defendant, Winters, in his answer admits that he agreed to buy said stock of goods of plaintiff, on condition that defendant, Meredith, would loan him money enough to pay therefor; the plaintiff represented that they would probably invoice about $400, and the defendant, Meredith, agreed to loan him the money to buy the

goods, if they did not invoice too much; that the goods were invoiced and amounted to $601.22, whereupon defendant, Meredith, refused to loan him so much money on the security this defendant, Winters, could give, and this defendant then informed plaintiff he could not take the goods, and offered same to plaintiff; that the goods are now in the same place and condition as when invoiced and are ready for plaintiff, and he denies every other matter alleged in the plaintiff's petition."

II. The Circuit Court gave the following instruction to the jury:

"3. Under the testimony the plaintiff is entitled to a verdict against the defendant, Winters, for the agreed price of the goods in question, with six per cent interest thereon from the date of delivery to the present time, because the evidence shows that the price was agreed on and the goods delivered to him under the contract of sale."

We think the instruction is erroneous, for the reason that it determined issues of fact upon which the evidence was conflicting, the court thus assuming the authority of the jury.

The defendant's witnesses testified that his purchase of the goods was not absolute, but was on condition that Meredith would lend him the money to pay for them, and that Meredith had agreed to lend him $400 upon security agreed upon, which it was supposed by the parties would pay for the goods. They invoiced at $600, and Meredith refused to lend that amount. Whereupon Winters informed plaintiff that he could not take the goods.

Defendant's evidence tends to show that the possession of the goods was not changed, and that they remained in the same place and custody they were in before the transaction between the parties. Plaintiff's own testimony contradicts the statements of Winters, and each are in some measure supported by other testimony and circumstances of the case. It was the province of the jury to determine the issues upon the conflicting evidence, which should have been submitted to them with proper instructions for their guidance to a verdict.

III.  Other instructions given to the jury relate to the issues involving Meredith's liability.  These we need not consider for the following reasons: The plaintiff claims to recover upon a sale to Winters and an agreement of Meredith to pay for the goods.  Meredith cannot be held liable in this action unless it is found the goods were sold to Winters.

Plaintiff claims in his petition that the goods were absolutely sold to Winters, and that Meredith agreed to pay for them.  He cannot recover from Meredith unless he establishes a sale to Winters.  Other questions need not be considered, as the conclusion we reach is decisive of the case.

                                                REVERSED.